IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| MARQUITA V. DOOHAN, | * | |
| Plaintiff, | * | |
| vs. | * | CASE NO. 4:09-CV-20 (CDL) |
| BRIAN CHARLES DOOHAN and EFFICIENCY LODGE 8 OF COLUMBUS, INC., | * | |
| Defendants. | * | |

O R D E R

Plaintiff Marquita V. Doohan, who has restricted mobility and uses a wheelchair, alleges that she did not receive reasonable accommodations while a resident at Defendant Efficiency Lodge 8 of Columbus, Inc. ("Efficiency Lodge"). Plaintiff, proceeding *pro se*, brings federal law claims under the Fair Housing Act, 42 U.S.C. § 3601 *et seq.*, as amended by the Fair Housing Amendments Act of 1988, Pub. L. No. 100-430, 102 Stat. 1619 (1988) ("FHA"), and the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.* ("ADA"), against Efficiency Lodge and her brother, Defendant Brian Charles Doohan ("Mr. Doohan"). Both Defendants filed Motions for Summary Judgment (ECF Nos. 33 & 34). For the following reasons, the Court finds that Plaintiff's claims under the FHA and the ADA fail as a matter of law. Therefore, Defendants' motions are granted as to Plaintiff's federal law claims.

To the extent Plaintiff brings state law claims against Defendants, the Court declines to exercise supplemental jurisdiction, and those claims are dismissed without prejudice.  *See* 28 U.S.C. § 1367(c)(3).

SUMMARY JUDGMENT STANDARD

Summary judgment may be granted only "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2).  In determining whether a *genuine* issue of *material* fact exists to defeat a motion for summary judgment, the evidence is viewed in the light most favorable to the party opposing summary judgment, drawing all justifiable inferences in the opposing party's favor.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). A fact is *material* if it is relevant or necessary to the outcome of the suit.  *Id.* at 248.  A factual dispute is *genuine* if the evidence would allow a reasonable jury to return a verdict for the nonmoving party.  *Id.*

DISCUSSION

Plaintiff's allegations arise from her extended stay at Efficiency Lodge from June 5, 2008 to February 19, 2009.[1]  Plaintiff

---

[1] The Court advised Plaintiff, who is proceeding *pro se*, of the significance of Defendants' summary judgment motions. Order for Resp. to Mots. for Summ. J., Jan. 22, 2010, ECF No. 40. Although Plaintiff responded to Defendants' motions and Efficiency Lodge's Statement of Undisputed Facts, Plaintiff failed to provide the Court with any evidence

2

alleges that during her stay, Efficiency Lodge failed to provide her with reasonable accommodations to remedy the following alleged problems: (1) dresser drawers in her room would "collapse" when "pulled gently," Am. Compl. at 3, ECF No. 2; Pl.'s Resp. to Efficiency Lodge's Statement of Material Facts 2 ¶ 6, ECF No. 41 [hereinafter Pl.'s Resp.]; (2) a "1 1/4" threshold[] at her door . . . preclude[d] straightforward access and egress, forcing reliance on others[,] violating [the] spirit and intent of [the] ADA and its successors," Am. Compl. at 3; Pl.'s Resp. at 3 ¶ 6; (3) a "raised threshold to [the] shower" prohibited Plaintiff from "maneuver[ing] about the space," Am. Compl. at 3; Pl.'s Resp. at 2-3 ¶ 6; and (4) "intimidat[ion] . . . by the clatter of guests," Am. Compl. at 3. Plaintiff contends that these issues give rise to claims against Defendants under the FHA and Title III of the ADA.[2]

---

to support her allegations. *See* M.D. Ga. R. 56 ("All material facts contained in the moving party's statement which are not specifically controverted by specific citation to the record shall be deemed to have been admitted, unless otherwise inappropriate."); *see also* Fed. R. Civ. P. 56(e)(2) ("[A]n opposing party may not rely merely on allegations or denials in its own pleading; rather its response must . . . set out specific facts showing a genuine issue for trial."); *accord Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

[2]In her Complaint, Plaintiff does not specify which provision of the ADA she alleges Defendants violated. The ADA is divided into four titles: Title I prohibits discrimination against disabled persons in employment, 42 U.S.C. § 12112(a); Title II prohibits discrimination against disabled persons in public services furnished by governmental entities, *id.* § 12132; Title III prohibits discrimination against disabled persons in public accommodations provided by private entities, *id.* § 12182(a); and Title IV prohibits retaliation and coercion against disabled persons who exercise their rights under the ADA, *id.* § 12203(a). *Olmstead v. L.C. ex rel.*

Discrimination under the FHA includes "a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford [a handicapped person] equal opportunity to use and enjoy a dwelling." 42 U.S.C. § 3604(f)(3)(B); *Schwarz v. City of Treasure Island*, 544 F.3d 1201, 1212, 1218-19 (11th Cir. 2008). Assuming, without deciding, that Plaintiff has a handicap within the meaning of the FHA and that Efficiency Lodge is a dwelling within the meaning of the FHA, Plaintiff still failed to point to any evidence from which a reasonable factfinder could conclude that Plaintiff requested that Defendants remedy the alleged problems at Efficiency Lodge.[3] Furthermore, even if Plaintiff did notify Defendants of the problems, Plaintiff also failed to point the Court to any evidence that Defendants refused to accommodate her requests.[4] *Schwarz*, 544 F.3d

---

*Zimring*, 527 U.S. 581, 589 (1999); *McNely v. Ocala Star-Banner Corp.*, 99 F.3d 1068, 1073 (11th Cir. 1996). Because Plaintiff makes no allegations related to employment, against a governmental entity, or for retaliation, the Court considers Plaintiff's allegations under Tile III of the ADA.

[3]The Court is at a loss as to how Mr. Doohan could owe any duties to Plaintiff under the FHA or the ADA.

[4]Notably, accommodation of two of Plaintiff's complaints—broken dresser drawers and intimidation by guests—was not necessary to afford her an *equal* opportunity to use and enjoy her dwelling. The FHA only requires reasonable accommodation of those problems caused by a person's handicap. *See Schwarz*, 544 F.3d at 1226 ("If accommodations go beyond addressing these needs [needs created by handicaps] and start addressing problems not caused by a person's handicap, then the handicapped person would receive not an 'equal,' but rather a better opportunity to use and enjoy a dwelling[.]").

at 519 ("Simply put, a plaintiff must actually request an accommodation and be refused in order to bring a reasonable accommodation claim under the FHA.").

Title III of the ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). Title III defines "discrimination" to include

> a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations.

42 U.S.C. § 12182(b)(2)(A)(ii). Here, assuming, without deciding, that Plaintiff has a disability within the meaning of the ADA and that Efficiency Lodge operates a place of public accommodation within the meaning of the ADA, Plaintiff failed to point the Court to any evidence from which a reasonable factfinder could conclude that Defendants denied her reasonable modifications required by the ADA.

5

Accordingly, Plaintiff's FHA and ADA claims fail as a matter of law and Defendants are entitled to summary judgment.[5]

## CONCLUSION

As discussed above, Defendants' Motions for Summary Judgment (ECF Nos. 33 & 34) are granted as to Plaintiff's federal law claims. To the extent that Plaintiff asserts state law claims against Defendants, the Court declines to exercise supplemental jurisdiction, and those claims are dismissed without prejudice. *See* 28 U.S.C. § 1367(c)(3). In light of the Court's rulings on Defendants' summary judgment motions, Plaintiff's Motions to Strike (ECF Nos. 43 & 44) are moot.

IT IS SO ORDERED, this 9th day of August, 2010.

                                                S/Clay D. Land
                                                   CLAY D. LAND
                                 UNITED STATES DISTRICT JUDGE

---

[5] The Court denies Mr. Doohan's request to find Plaintiff a vexatious litigant. To the extent Mr. Doohan moves the Court to compel court annexed arbitration, the motion is moot in light of the Court's rulings on Defendants' summary judgment motions.